UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 17-20439

v.

                        HONORABLE LAURIE J. MICHELSON

LAWRENCE DAVIS,

        Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION

NOW COMES Defendant Lawrence Davis, by and through his attorneys ANDREW DENSEMO and JESSICA LEFORT, and for his Motion to Dismiss says to this Court as follows:

1. Defendant is charged in a one count Indictment with Distribution of a Controlled Substance, in violation of 21 U.S.C. §841(a)(1).

2. The trial date is currently scheduled for November 27, 2017.

3. This prosecution must be dismissed because the Defendant (who is African American) is an individual that has been selected for prosecution in an unfair and unconstitutional manner, in violation of the equal protection clause in the United States Constitution, as more fully set forth in the attached Memorandum.

WHEREFORE, the Defendant respectfully moves this Honorable Court to dismiss this Indictment.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
JESSICA LEFORT
Attorneys for Defendant
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated:  October 6, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,      CR. NO. 17-20439

v.

                              HONORABLE LAURIE J. MICHELSON

LAWRENCE DAVIS,

        Defendant.

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION

NOW COMES Defendant Lawrence Davis, by and through his attorneys Andrew Densemo and Jessica Lefort, and for his Memorandum in Support of Defendant's Motion to Dismiss for Selective Prosecution states the following:

Government officials may not enforce criminal statutes in a discriminatory or selective fashion.

> "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."

<u>Yick Wo v Hopkins</u>, 118 US 356, 373 (1986).

Mr. Wo was convicted of violating an ordinance in San Francisco making it unlawful for person to maintain a laundry within the city, without first obtaining the permission of the Board of Supervisors, unless the laundry was unconstitutionally located in a building constructed of brick or stone.  The statute was fair on its face, and was a reasonable exercise of the police power, however, the Court found that it was enforced predominately against individuals of Chinese origin.

Yick Wo held that selective prosecution of an otherwise lawful ordinance was unconstitutional.  *See also:* Two Guys from Harrison-Allen Town, Inc. v McGinley, District Attorney, 366 US 582 (1961).  The Defendant is aware that he bears the burden of showing through clear and convincing evidence that other persons similarly situated are not being prosecuted and that the prosecution is based on an impermissible motive.  U.S. v Armstrong, 517 US 456, 464 (1966).  Mr. Davis is also aware that the mere fact federal penalties are higher than those for similar State prosecutions is not enough to show selective prosecution.  U.S. v Davis, 15 F.3d 526, 530 (6th Cir. 1984).  The Armstrong decision indicates that a defendant must produce credible evidence that similarly situated defendants of other races could have been prosecuted under the same statutes, but were not, in order to establish entitlement to discovery on a claim of selective prosecution based on race.  Armstrong *supra* at 465.

In this case, Mr. Davis questions the decision to prosecute him to the exclusion of all others. Despite a state and federal investigation which has identified a Caucasian female who admits to directly delivering controlled substances to the decedent, the prosecution has elected to forego charges against her and only proceed against Mr. Davis. The police reports indicate that the unidentified female, who happens to be the mother of the decedent, purchased illegal narcotics on multiple occasions and may have provided drugs to her deceased son on some of those occasions as well. Mr. Davis is only 25 years of age. He does not have a prior conviction for drug distribution. The quantity of drugs involved is minimal. The decedent and his mother had longstanding histories of addiction to various controlled substances. The decedent's mother provided false information to law enforcement regarding her son's death and her involvement in it. It appears from the reports that she may have even tampered with or removed evidence from the crime scene. None-the-less, she remains unindicted in this case.

On the other hand, Mr. Davis is being prosecuted by the federal government and faces a 20 years mandatory minimum term of imprisonment. The government has sought and obtained his detention without bond. It is likely the trial of this matter will be adjourned until a date in 2018 due to the investigation and research the defense needs to conduct. The defense is aware that in *United States v. William Sparks*,(E.D.

3

of Mich, 06-20330), the government did not seek Mr. Sparks' detention, nor did it ask for the mandatory minimum period of incarceration. Mr. Sparks allegedly gave a fentanyl patch to a young man who died as a result of ingesting a portion of the patch's content. He died on the naval base where he had been stationed. Mr. Sparks was eventually sentenced to a custodial term of 30 months. Mr. Sparks was a Caucasian male approximately 57 years of age.

The U.S. Attorney's Office is in a unique position to provide information on any other individuals who have been prosecuted for their participation in the charged offense as well others defendants who have been charged with this offense over the past five years. The Court should order the U.S. Attorney's Office to provide defense counsel with this information. We submit that the persistent and pervasive pattern of discriminatory treatment of Lawrence Davis warrants a dismissal of the current charges. It is clear that he has been unfairly targeted and selectively prosecuted by the federal authorities. The only appropriate remedy under the facts of this case is to dismiss the charges against Mr. Davis.

WHEREFORE, Defendant prays that this Honorable court will grant the relief requested herein and dismiss the charges or in the alternative, provide defense counsel

with the names and case numbers of all defendants charged with distribution of a controlled substance with death resulting, over the past five years.

    Respectfully submitted,

    **FEDERAL DEFENDER OFFICE**

    s/Andrew Densemo
    ANDREW DENSEMO (P37583)
    JESSICA LEFORT
    Attorneys for Defendant
    613 Abbott, 5th Floor
    Detroit, Michigan 48226
    Phone: (313) 967-5829
    E-mail: andrew_densemo@fd.org

Dated:  October 6, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO.  17-20439

v.

                            HONORABLE LAURIE J. MICHELSON

LAWRENCE DAVIS,

        Defendant.

_____/

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 6, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        MARK BILKOVIC
        Assistant United States Attorney
        United States Attorney's Office
        211 W. Fort Street, Ste. 2300
        Detroit, Michigan 48226

        Respectfully submitted,

        **FEDERAL DEFENDER OFFICE**

        s/Andrew Densemo
        ANDREW DENSEMO (P37583)
        JESSICA LEFORT
        Attorneys for Defendant
        613 Abbott, 5th Floor
        Detroit, Michigan 48226
        Phone: (313) 967-5829
        E-mail: andrew_densemo@fd.org

Dated:  October 6, 2017