UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,
v.                                 Cr. No. 17-20439
                                      Hon. LAURIE MICHELSON

LAWRENCE DAVIS,

          Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

NOW COMES the Defendant, Lawrence Davis, by and through his attorney, Andrew Densemo, and pursuant to Rule 12(b)(2), F. R. Crim. Pr., and respectfully moves this Honorable Court for the entry of an order dismissing the Indictment, with prejudice, and on the following grounds:

1. Counts One of the Indictment charges the Defendant, Lawrence Davis, with distribution of a controlled substance and distribution of a controlled substance, death resulting, in violation of 21 U.S.C. §841(a) (1) and (b) (1) (C)..

2. The defense maintains that 21 U.S.C. 841 (b)(1)(C) is unconstitutionally overly broad as applied to the current charges. It does not provide citizens like Mr. Davis with adequate notice that certain conduct will subject them to severe mandatory minimum and possibly life sentences for the unforseen and unintended consequences of their actions.

3. Assuming *arguendo,* for the purposes of this motion that the allegations in Count One of the Indictment are true, 21 U.S.C. §841(b)(1)(C) is unconstitutional, as applied, and violates the Sixth Amendment,Due Process Clause insofar fails to adequately notify citizens

1

that they will be held accountable and prosecuted for the unforseen and unintended consequences of actions taken by third, forth, or fifth parties.

4. 21 U.S.C. §841(b)(1)(C) is overly broad and the offense charged under that subsection of the statute in Count One of the indictment should be dismissed.

5. Pursuant to Local Rules 7.1 and 12.1of the U.S. District Court Eastern District of Michigan, there was a conference between attorneys in which movant explained the nature of this motion and its legal basis and requested but did not obtain concurrence of the relief sought.

WHEREFORE, the Defendant respectfully prays that this Honorable Court shall grant the relief requested *in toto,* and such other and further relief as this Court shall deem just, equitable, and proper.

Respectfully submitted,

LEGAL AID & DEFENDER ASS'N INC.

FEDERAL DEFENDER OFFICE

s/ ANDREW DENSEMO
Attorney for Defendant
613 Abbott, 5th Floor
Detroit MI 48226
Phone: 313-967-5829
E-mail: andrew_densemo@fd.org
P 37583

Dated: September 25, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                       Cr. No. 17-20439
                                         Hon. LAURIE MICHELSON

LAWRENCE DAVIS,

                Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT**

## **STATEMENT OF THE CASE**

On June 27, 2017, an indictment was filed in the United States District Court for the Eastern district of Michigan, alleging that the Defendant violated 21 U.S.C. §842(a)(1)() and (b)(1)(C) .

The indictment alleges that on or about September 19, 2016 Lawrence Davis distributed a controlled substance in violation and that on or about September 19-20, the death of another person, C.V., "resulted from the use of the controlled substance so distributed by LAWRENCE DAVIS."

## **STATEMENT OF THE ISSUES PRESENTED**

(1) THE STATUTE WHICH CRIMINALIZES DISTRIBUTION OF A CONTROLLED SUBSTANCE, DEATH RESULTING, 21 U.S.C. §841(b)(1)(C), IS UNCONSTITUTIONAL, AS APPLIED, IN A CASE IN WHICH THE DEFENDANT DID NOT DIRECTLY DISTRIBUTE DRUGS TO THE DECEDENT AND HAD NO REASON TO BELIEVE THAT DRUGS WOULD BE GIVEN TO ANOTHER OR THAT THE DRUGS WERE TAINTED IN ANY WAY.

(2) 21 U.S.C. 841(b)(1)(C) IS UNCONSTITUTIONAL BECAUSE IT IS OVERLY BROAD AND/OR VOID FOR VAGUENESS

**ARGUMENT**

THE DEFENDANT IS ENTITLED TO AN ORDER DISMISSING
COUNT 1 OF THE INDICTMENT, PURSUANT TO RULE
12(b)(2), F. R. CRIM. PROC.

This Motion is brought under the aegis of Rule 12(b)(2), F. R. Crim. Pr., which provides in relevant part, as follows:

> **Rule 12.    Pleadings and Motions Before Trial; Defenses and Objections**
>
> ***
>
> **(b) Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:
>
> ***
>
> **(2)** Defenses and objections based on defects in the indictment or information (other than it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)….

Rule 12(b)(2), F. R. Crim. Pr. is the proper and appropriate vehicle for attacking the constitutionality of the statute under which the alleged criminal offense has been brought. *Cf. United States v. Jones,* 542 F. 2nd 661, 664 (6th Cir. 1976) ("Generally, motions are capable of determination before trial if they raise questions of law rather than fact."); *United States v. Martinez,* 350 F. Supp. 971, 973 (W.D. Penna. 1972) (*held,* any defense which does not require a determination by the jury may be properly raised by a motion to dismiss); *United States v. Forrester,* 105 F. Supp. 136, 137 (N.D. Ga. 1952) (constitutional challenge to the validity of Wagering Tax Act properly raised by a motion to dismiss).

It is axiomatic that, for the purposes of the instant motion, all of the well-pleaded

allegations of the Indictment are taken to be true. *United States v. Fry,* 413 F. Supp. 1269, 1272 (E.D. Mich. 1976) ("For purposes of this motion, the allegations of the indictment must be accepted as true."); *Universal Milk Bottle Service v. United States,* 85 F. Supp. 622, 625 (S.D. Ohio 1949), *aff'd,* 188 F. 2nd 959, 961; 962-963 (6th Cir. 1951)(*per curiam*); *United States v. Lattimore,* 94 U.S. App. D.C. 268; 215 F. 2nd 847 (1954).

However, assuming *arguendo* that *all* of the allegations in the Indictment, are true, it is clear that the reach of 21 U.S.C. §841(b)(1)(C) is too broad, because it unconstitutionally deprives citizens of Due Process of law because it does not provide fair notice of what conduct is prohibited and it proscribes punishment without regard to intent, causation or any superceding intervening cause or causes.

### THE STATUTE IN QUESTION IS SUBJECT TO REVIEW UNDER THE "STRICT SCRUTINY" STANDARD OF CONSTITUTIONAL REVIEW

Statutes which impinge upon fundamental Constitutional rights are subject to review under the "strict scrutiny" standard. The "strict scrutiny" standard of review means that: (1) a reviewing Court will not defer to Legislative judgment, but will make an independent determination of the Constitutionality of the challenged statute; (2) that the challenged statute will not be sustained simply because it advances *some* Governmental interest, but must be shown to foster a *compelling* or *overriding* Governmental interest; (3) even if the Government can demonstrate the existence of such a compelling interest, the statute must be narrowly tailored to fulfill those Legislative ends; and (4) where Constitutional rights which have been designated by the Supreme Court as "fundamental rights" are concerned, virtually *any* infringement is sufficient to invalidate the statute, either "on its face" or "as applied." *See, Lawrence v. Texas,* 539 U.S. 558; 123 S. Ct. 2472; 156 L. Ed. 2nd 508 (2003).

Clearly, the Fifth Amendment, U.S. Const. (1787), Amend. V (1791), meets the test that it is "implicit in the concept of ordered liberty," *Palko v. Connecticut,* 302 U.S. 318, 325; 58 S. Ct. 149; 82 L. Ed. 288 (1937), and that it is so deeply "rooted in the traditions and conscience of our people as to be fundamental." *Snyder v. Massachussetts,* 291 U.S. 97, 105; 54 S. Ct. 330; 78 L. Ed. 674; 90 A.L.R. 575 (1933). As noted in the body of the instant motion, the Supreme Court has ranked "the right to keep and bear arms" with "the right to freedom of speech, press, and religion" and the right to be free from unreasonable searches and seizures and has adopted the proposition that the rights guaranteed by the Second Amendment are a part of "the essential and inseparable features of English liberty." Justice Story has referred to the Second Amendment "right to keep and bear arms" as "the palladium of the liberties of a republic." 3 Joseph Story, *Commentaries* (1833), §1890, p. 746. *See also,* Don Kates, *Handgun Prohibition and the Original Meaning of the Second Amendment,* 82 Mich. L. Rev. 204 (1983); Comment, *It Isn't About Duck Hunting*: *The British Origin of the Right to Keep and Bear Arms,* 93 Mich. L. Rev. 1333 (1995).

Given the application of "strict scrutiny" to the statute in question, it is clear that the statute is so far reaching that it includes conduct like simply sharing drugs, accidentally providing drugs to another, and assessing strict liability to everyone in the distribution chain without regard to intent, knowledge or motive. Here, the Defendant is being held responsible for the accidental death of another person, despite not having dealt the individual, and a third party actually supplied the drugs to the other person, and having no knowledge that the drugs were tainted.

Because the statute draws no distinction between those who knowingly adulterate controlled substances without regard to the risk of harm and those who do not, its reach is

3

overbroad; it is not narrowly tailored to reasonably serve compelling Governmental interests. In consequence, the statute, as applied, fails "strict scrutiny" review and fails to pass Constitutional muster.

DUE PROCESS VIOLATION

The Due Process Clause of the Fifth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. Amend. V. Due Process places some limits on the Government's regulation of so-called public welfare concerns such as the possession of weapons and the use of violence. See Lambert v. California, 355 U.S. 225, 229 (1958); Stepniewski v. Gagnon, 732 F.3d 567, 573 (7th Cir. 1984).

Ingrained in our concept of due process is the requirement of notice; notice is required before property interests are disturbed, before assessments are made or before penalties are assessed. Lambert, 355 U.S. at 228. The fair warning principle embodied in the due process requirement is fundamental to our concept of constitutional liberty and is based on the underlying principle that no man should be held criminally responsible for conduct which he could not reasonably understand to be proscribed. United States v. Harris, 347 U.S. 612, 617 (1954); Marks v. United States, 430 U.S. 188, 191 (1977).

Section 841(b)(1)(C) is constitutionally infirm because it does not comport with the due process/fair warning principles embodied in the Fifth Amendment. This statute does not adequately notify a defendant that he is committing a federal crime through their attenuated connection to a distribution chain that may result in the death of another. Additionally, section 841(b)(1)(C) is over broad and void for vagueness because the terms 'if death or serious bodily injury results from the use of such substance" is vague and ambigous. A

4

statute is facially over broad if due to its mere existence it deters individuals from doing activities which are lawful and protected by the constitution. *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973). The specific actions of the individual need not be lawful but the statute must have the potential to be applied to prevent others from exercising constitutional rights. Id. Sections 922 (a)(1)(A) is clearly facially overbroad when scrutinized under the *Broadrick* standard and the approach set out in *Hoffman Estates v. Flipside*, 455 U.S. 489, 494-495 (1982). *Hoffman* directs that the statute must first be analyzed to determine whether, on its face, it is overbroad. Id. Section 841(b)(1)9C) is overbroad because even the private sharing of controlled substances would trigger operation of the statute. The potentiality for what constitutes distribution that cause the death or serious bodily injury from the use of such substance is so broad that virtually anyone that touches a controlled substance that is passed along to any number of people comes within the purview of the statute. Thus the statute is overbroad and fails to notify the public that this is a strict liability offense and that there is no knowledge or intent required to committ it. Clearly then it is unconstitutionally overbroad and the criminal charges leveled against Mr. Davis based on this statute should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

The Fifth Amendment's Due Process is a constitutional guarantee that applies with equal force to all U.S. citizens. It's notice requirement is one of the fundamental principle embedded in the U.S. Constitution.. Section 841(b)(1)(C) is overbroad because  it criminalizes conduct which is constitutionally protected in addition to that which is not.

Wherefore, for all of the reasons stated herein, the Defendant respectfully prays that this Honorable Court will grant his motion and dismiss Count One of the indictment.

        Respectfully submitted,

        LEGAL AID & DEFENDER ASS'N INC.

        FEDERAL DEFENDER OFFICE

        <u>s/ ANDREW DENSEMO</u>
        Attorney for Defendant
        613 Abbott, 5th Floor
        Detroit MI 48226
        Phone: 313-967-5829
        E-mail: andrew_densemo@fd.org
        P 37583

Dated: September 28, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 17-20439

v.

                HON. LAURIE MICHELSON

LAWRENCE DAVIS,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

I, hereby certify that on October 6, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Mark Bilkovic
        Assistant U.S. Attorney
        211 W. Fort St., Ste. 2001
        Detroit, MI  48226

        **FEDERAL DEFENDER OFFICE**
        LEGAL AID & DEFENDER ASSN., INC.

        s/ Andrew Densemo
        Attorney for Defendant
        613 Abbott, 5th Floor
        Detroit, MI 48226
        Phone: (313) 967-5829
        E-mail: andrew_densemo@fd.org
        P 37583