UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 17-20439

v.

                            HONORABLE LAURIE J. MICHELSON

LAWRENCE DAVIS,

        Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant Lawrence Davis, by and through his attorneys, Andrew Densemo and Jessica Lefort of the Federal Defender Office, hereby files this Motion to Dismiss the Indictment, under Federal Rules of Criminal Procedure 7(c)(1) and 8(a), and in support, states as follows:

1. On June 27, 2017, Mr. Davis was charged in Count One of an Indictment with violating 21 U.S.C. §841(a)(1), Distribution Controlled Substances.

2. Count One of the Indictment reads as follows:

> That on or about September 19, 2016, in the in the Eastern District of Michigan, Southern Division, the defendant, LAWRENCE DAVIS, did knowingly and intentionally distribute controlled substances to C.V.; in violation of Title 21, United States Code, Section 841(a)(1). Pursuant to Title 21, United States Code, Section 841(a)(1), it is further alleged that this violation involved Fentanyl, a Schedule II controlled substance, in violation of Title 21,

United States Code, Section 841 (b)(10(C).

Pursuant to Title 21, United States Code, Section 841(a)(1), it is further alleged that on OR ABOUT September 19, 2017, the death of another person, C.V., whose identity is known to the Grand Jury, resulted from the use of the controlled substance so distributed by LAWRENCE DAVIS.

3. The Indictment as to Count One is duplicitous because it has joined two or more distinct and separate offenses into a single count. The present indictment makes it impossible to determine whether a jury unanimously agreed that the defendant committed either of the separate offenses contained within the count.

4. If the Government is permitted to proceed under the Indictment as written, there is a strong possibility that Mr. Davis may be convicted by a non-unanimous jury. For example, six jurors may find that Mr. Davis violated Section (b)(1)(C) only as to the schedule II controlled substances, whereas the opposite six jurors may find that Mr. Davis only violated Section 841(a)(1).

5. Thus, the Indictment, as written, is impermissibly duplicitous and subject to dismissal. *See, e.g., United States v. Bins*, 331 F.2d 390, 393 (5th Cir. 1964) (dismissing a duplicitous indictment because the jury may not have agreed unanimously that defendant committed at least one of the offenses charged in the indictment), *cert. denied*, 379 U.S. 880 (1964).

6.	The Court should either dismiss the indictment or order an election or consolidation of Counts One and Two where they charge two or more separate offenses in a single count and/or charge the same offense in different counts.

WHEREFORE, Defendant Lawrence Davis respectfully requests that this Court Dismiss Count One of the Indictment or order that the two charges in Count one be alleged independently.

        Respectfully submitted,

        **FEDERAL DEFENDER OFFICE**

        s/Andrew Densemo
        ANDREW DENSEMO (P37583)
        JESSICA LEFORT
        Attorneys for Defendant
        613 Abbott, 5th Floor
        Detroit, Michigan 48226
        Phone: (313) 967-5829
        E-mail: andrew_densemo@fd.org

Dated: October 6, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 17-20439

v.

                         HONORABLE LAURIE J. MICHELSON

LAWRENCE DAVIS,

        Defendant.
_____/

**<u>BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT</u>**

On June 27, 2017, Mr. Davis was charged in a one Count Indictment. The Indictment is duplicitous in two respects. First, the statute at issue defines two separate offenses, both of which are charged in a single count in the Indictment; (1) Distribution of a controlled substance, and (2) Distribution of a controlled substance, death resulting. An indictment is duplicitous where it joins two or more distinct crimes in a single count. *U. S. vs. Murray*, 618 F.2d 892, 896 (2nd Cir. 1980). " A general verdict of guilty stemming from a duplicitous indictment will not reveal whether the jury found the accused guilty of one crime and not guilty of another. Moreover, a guilty verdict based on a duplicitious indictment does not indicate if the jury found the defendant guilty without ever reaching a unanimous verdict on the commission of a particular offense." *Id* at 896.

"The ban against duplicitous indictments derives from four concerns; (1) prejudicial evidentiary rulings at trial; (2) the lack of adequate notice of the nature of the charges against the defendant; (3) prejudice in obtaining appellate review and prevention of double jeopardy; and (4) risk of a jury's non-unanimous verdict." *U.S. v. Cooper*, 966 F.2d 936, 939 n.3 (5th Cir. 1992)   "Duplicitous indictments may prevent jurors from acquitting on a particular charge by allowing them to convict on another charge that is improperly lumped together with another offense in a single count. Where such a situation occurs, it is impossible to determine whether all twelve

jurors unanimously agreed that the defendant committed either of the separate offenses contained within the duplicitous count." *U.S. v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986) (citing *U.S. v. UCO Oil.*, 546 F.2d 833, 835 (9th Cir. 1976), cert. denied, 430 U.S. 966 (1977). "A duplicitous charge further prejudices the defendant at trial because evidentiary rulings permitting evidence to come in as to one of the separate offenses may be inadmissable as to the other." *U.S. v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978). "In reviewing an indictment for duplicity, the court will look to the indictment itself to determine whether it may fairly be read to charge only one crime in each count. In other words, the court does not review the evidence presented at trial to determine whether it would support charging several crimes rather than just one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *U.S. v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983)

    Thus, the Indictment, as written, is impermissibly duplicitous and subject to dismissal. *See, e.g., United States v. Bins*, 331 F.2d 390, 393 (5th Cir. 1964) (dismissing a duplicitous indictment because the jury may not have agreed unanimously that defendant committed at least one of the offenses charged in the indictment), *cert. denied*, 379 U.S. 880 (1964).

Wherefore the Defendant prays that this Honorable Court will either dismiss the indictment or order a consolidation or election in accordance with FRCP 7 (c)(1) and 8 (a) and the cases cited herein.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
JESSICA LEFORT
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, Michigan 48226
Phone: (313) 967-5829
E-mail: andrew_densemo@fd.org

Dated: October 6, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 17-20439

LAWRENCE DAVIS,              Hon. LAURIE MICHELSON

        Defendant.
                                                /

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I electronically filed the foregoing paper with the clerk of the Court using the ECF system, which will send notification of such filing to the following:

        MARK BILKOVIC
        Assistant United States Attorneys
        United States Attorney's Office
        211 W. Fort St., Suite 2001
        Detroit, MI  48226

        **FEDERAL DEFENDER OFFICE**

        s/Andrew Densemo
        ANDREW DENSEMO (P37583)
        JESSICA LEFORT
        Attorney for Defendant
        613 Abbott, 5th Floor
        Detroit, Michigan 48226
        Phone: (313) 967-5829
        E-mail: andrew_densemo@fd.org

Dated: October 6, 2017