# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

LAWRENCE DAVIS,

                Defendant.
_____/

CRIMINAL NO. 17-cr- 20439

HON. LAURIE J. MICHELSON

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF WITNESSES' CONTACT INFORMATION (23)

For the reasons explained in the accompanying brief, Defendant Lawrence Davis's motion to compel disclosure of witnesses contact information should be denied.

                Respectfully submitted,

                DANIEL L. LEMISCH
                Acting United States Attorney

Dated: October 20, 2017

                *s/Mark S. Bilkovic*
                Mark S. Bilkovic
                Assistant U.S. Attorney
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                Mark.bilkovic@usdoj.gov
                313.226.9623

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,

vs.

LAWRENCE DAVIS,

                        Defendant.
_____/

CRIMINAL NO. 17-cr- 20439

HON. LAURIE J. MICHELSON

**GOVERNMENT'S BRIEF IN RESPONSE TO DAVIS'S MOTION TO COMPEL DISCLOSURE OF WITNESSES' CONTACT INFORMATION (23)**

## I. INTRODUCTION

On September 19, 2016, Defendant, Lawrence Davis, sold a controlled substance, which contained fentanyl, to SOI-1. Later that day, SOI-1's son ingested the controlled substance and was found dead the next morning by SOI-1. Three months later, Davis sold heroin to a DEA confidential informant through a DEA controlled purchase. Davis now seeks disclosure of contact information for government witnesses, including SOI-1and the confidential informant that bought heroin from Davis. For the reasons that follow, this Honorable Court should deny Davis's motion.

## II.  FACTS AND BACKGROUND

The victim was found dead in his home in Berkley on September 20, 2016. The autopsy and toxicology reports show that the victim died of a Fentanyl overdose. The victim's mother (SOI-1) told authorities that she and the victim were both heroin addicts. SOI-1 admitted that the night before the victim was found deceased, SOI-1 called Davis on his phone and told him she wanted to come to Detroit to purchase $40 of heroin from him. SOI-1 then travelled from Berkley to Detroit, where she purchased a small amount of what she believed was heroin, from Davis. SOI-1 stated that she and the victim had purchased heroin from Davis numerous times before.

After making the purchase from Davis, SOI-1 drove back to the victim's house and gave him the controlled substance. The victim ingested the controlled substance and after doing so, told SOI-1 that he felt funny. SOI-1 and the victim both fell asleep. When SOI-1 woke up early the following morning, she found the victim deceased, lying on the floor.

Three months later, DEA agents conducted a controlled purchase from Davis using a confidential informant (CI). In the presence of agents, the CI called Davis and arranged to purchase $50 of heroin. Davis directed the CI to meet him in the same area that SOI-1 had purchased controlled substances from Davis. The CI met

with Davis who sold CI a small amount of controlled substance that tested positive for heroin.

On May 31, 2017, Davis made his initial appearance on a complaint charging him with possession with intent to distribute a controlled substance. At a hearing on June 1, 2017, Davis was ordered to be detained pending trial in part, because the magistrate judge found by clear and convincing evidence that Davis was a danger to the community. Additionally, Davis has multiple convictions, including felony convictions for possessing a weapon and possessing a stolen vehicle. In 2012, Davis was convicted of possessing a stolen vehicle. In that case, the victim reported that he was carjacked. Davis was later arrested while driving the victim's vehicle.

In 2014, Davis was convicted of possessing a dangerous weapon. In that incident, Detroit Police officers were on patrol near a gas station located on West Warren Ave. due to the high rate of armed robberies and carjackings that had occurred there. The officers pulled into the parking lot and observed Davis sitting in a vehicle. The officers could smell marijuana coming from the vehicle so the officers approached the vehicle. Davis was sitting in the driver's seat and he admitted he was in possession of brass knuckles. In the vehicle, officers also found a skull cap/hat with cuttings of the eye, nose, and mouth areas.

### III. ARGUMENT

#### A. Witness List

The government intends to file a witness list 10 days prior to trial. Davis argues that he is entitled to a witness list now pursuant to 18 U.S.C. § 3432, which requires the government to provide a witness list to a defendant three days prior to trial in capital cases. Davis is facing a maximum sentence of life imprisonment and as a result, 18 U.S.C. 3432, which only applies to cases where the government is seeking the death penalty, does not apply. Even if 18 U.S.C. § 3432 was applicable, the statute requires that a witness list be provided three days prior to trial; not weeks or months prior to trial, which is what Davis is seeking.

The government intends to provide a witness list 10 days prior to trial. Even if 18 U.S.C. § 3432 was applicable, the filing of a witness list 10 days prior to trial satisfies the timing requirement in the statute.

#### B. Non Testifying Confidential Informant

Davis also seeks the identity and contact information, including the address of the CI who the purchased heroin from Davis during the DEA controlled purchase. While the CI might testify at trial, the government has not made the decision yet as to whether the CI will testify. If the government decides to have the CI testify, the government intends to provide Davis with all *Jencks* and *Giglio* information pertaining to the CI 14 days prior to trial.

Generally, it is the government's privilege to withhold the identity of an informant. *See generally Roviaro v. United States,* 353 U.S. 53 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro* 353 U.S. at 59. The *Roviaro* Court did recognized that in certain situations, the government's privilege to protect the identity of informants must give way to the fundamental requirements of fairness. Specifically, where the disclosure of an informant's identity is relevant and helpful to a defendant or is essential to a fair determination of a cause, the court may require disclosure. *Roviaro* at 60. In deciding whether to require disclosure of an informant, the Court stated:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against an individual's right to prepare his defense. Whether a proper balance renders a nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant facts. *Roviaro* 353 U.S. at 62.

In *Roviaro*, the informant was the sole participant other than the defendant, to the drug transaction for which the defendant was charged and which was partially observed by law enforcement. The Court ruled that in those

circumstances, where the government informant was the sole participant, other than the accused, in the transaction charged and was the only witness in a position to amplify or contradict the testimony of the undercover officers, the government was required to disclose the identity of the informant. *Roviaro* 353 U.S. at 64-65.

The privilege may only be overcome if the defendant can show that "the revealing evidence is relevant and helpful to the defense . . . or is essential to a fair determination of a cause." *United States v. Sierra-Villegas*, 774 F.3d 1093, 1098 (6th Cir. 2014) (*quoting Roviaro*, 353 U.S. at 60-61). In addition, Davis bears the burden of demonstrating to the court "how disclosure of the informant would substantively assist in his defense." *Sierra-Villegas,* 774 F.3d at 1099 (*quoting United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). "Mere speculation as to the usefulness of the informant's testimony is insufficient to justify disclosure of his identity." *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).

In this case, Davis is seeking disclosure of the CI prior to a decision being made as to whether the CI will testify. In making the request, Davis has not satisfied the requirements of *Roviaro, Sierra-Villegas and Moore*. Davis made a blanket request for disclosure of the CI's name and contact information in the event the CI testifies at trial. In the event the government chooses not to have the CI testify at trial, Davis is not entitled to the requested disclosure. Simply indicating that speaking to an informant may lead to exculpatory evidence is

7

insufficient and is a claim that could be made in *every* case where informants are involved. The mere speculation that an informant may have some evidence helpful to a Davis's case is simply not sufficient. *United States v. Sharp*, 778. F.2d 1182, 1186 (6th Cir. 1985).

In the event the government chooses to have the CI testify at trial, the government agrees that disclosure of *Jencks* and *Giglio* information is required. If the government chooses to have the CI testify at trial, the government intends to provide Davis with all *Jencks* and *Giglio* information relating to the CI 14 days prior to trial.

### C. Testifying Witnesses

#### 1. Disclosure of Witnesses

Davis also seeks the name of SOI-1. Assuming SOI-1 (and/or the CI) testifies at trial, the government agrees that pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland, 373 U.S. 83* (1963) *Jencks*, and *Giglio v. United States, 405 U.S. 150 (1972),* Davis is entitled to information in the government's possession including witness statements and information which bears on the credibility of a witness, such as deals and promises of leniency. If the government intends to have SOI-1 and/or the CI testify at trial, the government intends to provide Davis any such information, which it has, 14 days prior to trial, keeping in mind, that the

government may continue to obtain the requested information at any time including up to and during trial.

However, at this time, Davis is not entitled to know the names of the government witnesses. Davis is basically requesting a witness list, which for the reasons stated above, he is not entitled to. "[T]here is no constitutional or statutory right to pretrial disclosure of witness lists in noncapital criminal cases." *United States v. Lewis*, 584 F. 35 1270, 1280 (10th Cir. 2010).

The government recognizes that district court may order such disclosure under appropriate circumstances pursuant to its "inherent power ... to assure the proper and orderly administration of criminal justice." *United States v. Napue,* 834 F.2d 1311, 1317 (7th Cir. 1987). However, this case does not call for such a measure. This is not a complex case. The allegations against Davis center on the sale of a small amount of fentanyl that resulted in the victim's death the day after the sale. This is not a case involving years of investigation or voluminous witness statements.

Also weighing against disclosure of witnesses at this time is the legitimate concerns about witness safety and intimidation in this matter. Davis is a street-level drug dealer and is charged with distribution of a controlled substance resulting in death. He has multiple felony convictions, including a conviction for a weapons offense. Courts routinely affirms, on dangerousness grounds, the pretrial detention of run-of-the-mill drug dealers, even without evidence that the drug dealer has

engaged in violence. *United States v. Stone*, 608 F.3d 939, 947 n. 6 (6th Cir. 2010). Furthermore, this district's standing order supports non-disclosure: "[G]overnment counsel [shall not] be required to automatically disclose the names of government witnesses." E.D. of Mich. Standing Order for Discovery and Inspection and Fixing Motion Cut-Off Date in Criminal Cases, p. 2 (Oct. 2003); *see also id.*, p. 4 ("To enable the judge to better estimate the length of trial, each party shall file directly with the judge the day before trial (*but not the opposite party*) a list of witnesses by name . . . ."). (emphasis added).

The government intends to provide a witness list 10 days prior to trial and any *Jencks* and *Giglio* information of potential witnesses 14 days prior to trial. There is simply no basis to require the government to disclose the names of witnesses more than 10 days prior to trial, where, as here, Davis is accused of an inherently dangerous drug offense, is facing a lengthy prison term, and has a prior felony record including a weapons offense.

### 2. Contact Information of Potential Witnesses

There is no rule that requires the government to provide Davis address or other contact information of potential witnesses that may testify in the government's case in chief. While Fed. R. Crim. P. 12.1 (b)(1)(A)(i) requires the government to provide Davis or Davis's attorney with the name, address, and telephone number of each witness (except for a victim) that the government

intends to rely on after a defendant has filed an alibi notice, Fed. R. Crim. P. 16 has no such requirement. Fed. R. Crim. P. 16 makes no mention of any duty to disclose the government witness identities or their personal information, and for good reason: the names of witnesses are not discoverable under Rule 16. *See United States v. McQueen*, 39 F.3d 1182 (1984) (unpublished) (Exhibit 1), (*citing United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976).

Likewise, the Sixth Circuit has held that a defendant in a criminal case is not ordinarily entitled to the contact information of government witnesses. *United States v. Perkins*, 994 F. 2d 1184, 1190 (6th Cir. 1993). In *Perkins,* Dthe defendant was charged with conspiracy to possess marijuana with intent to distribute it and possession with intent to distribute marijuana. Prior to trial, the defendant filed a motion for a bill of particulars. In the motion, the defendant requested the names and addresses of any informants. In particular, the defendant requested the name and address of a government informant who ended up testifying at trial. The *Perkins* court held that insofar as the witness "was an ordinary witness testifying at trial, the government was entitled to keep her name and whereabouts private." *Id*. The court also rejected the argument that the disclosure was required because the witness was an informant. *Id*. at 1190-1191.

11

## IV. CONCLUSION

Davis's request to obtain the identity of potential government witnesses and their contact information is not supported by court rule, case law or statute. Davis is charged with an offense that is inherently dangerousness. The evidence against Davis is not complex, and the witness statements are not voluminous. Under these circumstances, the government's disclosure of the names of potential witnesses 10 days prior to trial is proper. As a result, this Honorable Court should deny Davis's request for disclosure of the names of the government witnesses at this time.

Likewise, because the government is not required to provide Davis the whereabouts of potential government witnesses, this Honorable Court should also deny Davis' motion to compel the government to furnish witness contact information.

          Respectfully submitted,

          DANIEL L. LEMISCH
          Acting United States Attorney

Dated: October 20, 2017          *s/Mark S. Bilkovic*
          Mark S. Bilkovic
          Assistant U.S. Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI 48226
          Mark.bilkovic@usdoj.gov
          313.226.9623

CERTIFICATE OF SERVICE

I hereby certify that on Friday, October 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew Densemo

                                       *s/Mark Bilkovic*
                                       Mark Bilkovic
                                       Assistant United States Attorney
                                       211 W. Fort Street, Suite 2001
                                       Detroit, MI  48226
                                       Mark.Bilkovic@usdoj.gov
                                       (313) 226-9623
                                       P48855